**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02394-WJM-CBS
(Consolidated with Civil Action Nos. 11-cv-2395, 11-cv-2396 and 11-cv-2397)

ANA ALICIA ORTEGA,
KELLY BOREN,
KRISTAL CARILLO and
SHARELLE C. THOMAS,

    Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, a municipality,
OFFICER RICKY NIXON, in his individual and official capacity, and
OFFICER KEVIN DEVINE, in his individual and official capacity,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* WITHOUT PREJUDICE**

---

This matter is before the Court on Defendants City and County of Denver, Ricky Nixon, and Kevin Devine's (collectively "Defendants") Motion *in Limine* ("Motion"). (ECF No. 86.) It seeks exclusion of the following categories of evidence: (1) unrelated complaints, lawsuits, and settlements alleging excessive force; (2) recommendations of non-decision makers; and (3) post-incident evidence. (*Id*.) For the reasons, set forth below, the Court DENIES the Motion WITHOUT PREJUDICE.

When the Motion was filed, Defendants' Motions for Summary Judgment were still pending before the Court. The Court having now decided such motions, some of the arguments raised in the Motion *in Limine* are now moot. For example, Defendants argue that Plaintiffs "present no viable theory that taking Nixon off the street could have

prevented the subject incident." (ECF No. 86 at 7.) However, the Court has since found that a trial-worthy issue as to whether Denver's failure to investigate and discipline Nixon for Alexander Landau's excessive force complaint caused the harm alleged by Plaintiffs in this case. (ECF No 105 at 11.)

More significantly, the Court has not yet ruled on Defendant City and County of Denver's Motion to Separate Trials. (ECF No. 77.) The Court's analysis with respect to a number of the issues raised in the Motion *in Limine* will depend on whether the Court grants a severance of the trials in this case. For example, the relevance of evidence that Denver Police Department permits a "Code of Silence" is heavily dependent on the context of whether the City and County of Denver is a Defendant at trial. To the extent such evidence is relevant against both the Individual Defendants and the City, the balancing necessary for purposes of Federal Rule of Evidence 403 is certainly different if this case proceeds as one trial than if it is separate trials. The majority of the issues raised in the Motion are similarly affected by which parties are participating in the anticipated trial.

Given the considerations set forth above, the Court finds that it would be a waste of judicial resources to issue a ruling on the current version of Defendants' Motion *in Limine*. Moreover, the Court finds that delaying a ruling on these evidentiary issues until after the Court has determined whether this action will go to trial before one or two juries will allow the parties to more fully identify and address the pertinent issues.

Accordingly, the Court hereby ORDERS as follows:

1. Defendants' Motion *in Limine* (ECF No 86) is DENIED WITHOUT PREJUDICE;
2. Defendants may refile their Motion *in Limine* at any time after the Court issues its

ruling on Denver's Motion to Separate Trials[1], so long as it is before the deadline set forth in the Court's Revised Practice Standards.

Dated this 23rd day of April, 2013.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] Of course, if the Court grants the Motion for Separate Trials, the parties may file separate motions *in limine* addressed to the pertinent evidentiary issues for each trial.