**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02394-WJM-CBS
(Consolidated with Civil Action Nos. 11-cv-2395, 11-cv-2396 and 11-cv-2397)

ANA ALICIA ORTEGA,
KELLY BOREN,
KRISTAL CARILLO and
SHARELLE C. THOMAS,

    Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, a municipality,
OFFICER RICKY NIXON, in his individual and official capacity, and
OFFICER KEVIN DEVINE, in his individual and official capacity,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART THE CITY AND
COUNTY OF DENVER'S MOTION TO EXCLUDE WITNESSES**

---

This matter is before the Court on Defendant City and County of Denver's ("Denver") Motion Pursuant to Federal Rule of Civil Procedure 37(c)(1) ("Motion"). (ECF No. 85.) Denver moves to exclude thirty-one witnesses who Plaintiffs disclosed on the last day of discovery, as well as four witnesses that were disclosed ten weeks after discovery closed. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 37(c) provides, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

hearing, or at a trial, unless the failure was substantially justified or is harmless." The sanctions available under Rule 37(c) are often described as "self executing" and "automatic." Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 37 (2012). However, in addressing Rule 37 generally, the Tenth Circuit has made clear that "[t]he protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion." *Marshall v. Ford Motor Co.*, 446 F.2d 712, 713 (10th Cir. 1971); *see also Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (recognizing that Rule 37(c) vests broad discretion with the trial court).

## II. ANALYSIS

Denver moves to exclude thirty-one witnesses that were disclosed by Plaintiffs in their Third Supplement, which occurred on the discovery cut-off date, and four witnesses that were disclosed in Plaintiffs' Fifth Supplement, which occurred about ten weeks later.[1] (ECF No. 85 at 5.) Denver contends that these disclosures were untimely pursuant to Federal Rule of Civil Procedure 26 and these witnesses should therefore be excluded under Rule 37(c).

Rule 26 provides, in relevant part:

**(a) Required Disclosures.**

**(1) Initial Disclosure.**

---

[1] The Court notes that Plaintiffs actually disclosed more witnesses in both its Third and Fifth Supplemental Disclosures than Denver moves to exclude. However, Plaintiffs did not name all of these individuals in the Witness List section of the Final Pretrial Order. (ECF No. 111.) Denver moves to exclude, and this Order addresses, only those witnesses that were disclosed in Plaintiffs' Third and Fifth Supplemental Disclosures and who appear on the Witness List contained in the Final Pretrial Order.

> **(A) In General.** Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> . . .
>
> **(e) Supplementing Disclosures and Responses**.
>
> **(1) In General.**  A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Plaintiffs' Third Supplemental Disclosure was made on the discovery deadline. (ECF No. 95-1.)  Because discovery had not yet closed, this disclosure was not untimely.  See *Phillip M. Adams, LLC v. Winbond Elec. Corp.*, 2010 WL 3258161, *1 (D. Utah Aug. 17, 2010) (disclosure of witness on last day of discovery is timely). Nonetheless, although not untimely, under different circumstances the Court may have been inclined to find that disclosure of this many individuals with potential information about a case on the discovery deadline violated the spirit, if not the letter, of Rule 26. However, in this case, the circumstances surrounding the timing of Plaintiffs' Third

Supplemental Disclosure do not trouble the Court.

From the record, it appears that Plaintiffs were diligent in disclosing the information during discovery. This is evidenced by the fact that they made a number of supplemental disclosures at regular intervals during the discovery period. (ECF Nos. 94-2 & 94-3.) The majority of the witnesses listed in the Third Supplemental Disclosure came from nearly 100,000 pages of discovery that Denver provided to Plaintiffs only four months before the discovery deadline. (ECF No. 94-4.) Given the late disclosure of this amount of documentary evidence, it is not surprising that Plaintiffs would have to supplement their Rule 26 disclosures near the discovery deadline. Moreover, Plaintiffs informed Denver that they would not oppose an extension of the discovery period to permit Denver time to investigate the individuals named in the Third Supplemental Disclosure and to take whatever depositions Denver deemed necessary. (ECF No. 94-6.) Denver never requested such an extension of the discovery period. Therefore, the Court finds that Plaintiffs' Third Supplemental Disclosure was not untimely and that there is no reason to exclude any witnesses named therein from the trial of this matter.

With respect to Plaintiffs' Fifth Supplemental Disclosures, there is no dispute that the four witnesses named therein were not timely disclosed. Thus, the only issue before the Court is whether Rule 37(c) mandates exclusion of these witnesses. "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). The Tenth Circuit identified four factors for consideration in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party; (2) the ability to

4

cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness.  *Id*.

In this case, the Court finds that the balance of these factors weighs against excluding the witnesses.  Plaintiffs have represented that the failure to include these four witnesses in an earlier supplemental disclosure was an "oversight".  (ECF No. 94 at 5.)  There is no evidence in the record which would call the veracity of this representation into question.  The trial of this matter is scheduled for February 2014 so there is little risk that permitting these witnesses to participate would disrupt the trial.  There is no doubt that the late disclosure of these witnesses prejudiced Denver, however, as it was not able to conduct any discovery into these individuals.  This prejudice is easily cured, however, by reopening discovery for a limited period.

Therefore, having weighed the factors which the Court is to consider under Rule 37(c), the Court finds that exclusion of the four late disclosed witnesses is not appropriate.  However, in an attempt to balance the prejudice to Denver caused by the timing of the Third and Fifth Supplemental Disclosures, the Court will reopen discovery for the limited purpose of allowing Denver to depose any of these witnesses it deems necessary.

Furthermore, in an attempt to streamline this action and mitigate the potential prejudice to Denver, the Court will require Plaintiffs to file an updated witness list.  At the March 12, 2013 hearing, the Court discussed with the parties the trial of this matter, and particularly the length of the trial.  (ECF No. 114.)  Plaintiffs' counsel represented to the Court that he does not intend to parade forty witnesses in front of the jury to testify about their experiences with the Denver Police Department.  Counsel indicated that he

understood the Court would not permit the presentation of such cumulative evidence and also expressed his belief that the jury would be turned off by such a showing. Counsel stated that he intends to take approximately two days to present the witnesses that will testify solely about their experiences with the Denver Police Department for purposes of municipal liability.

Given these representations, the Court does not believe it is equitable to keep Denver guessing about which of the forty-six[2] "municipal liability" witnesses Plaintiffs intend to call at trial. The Court understands that, because trial is more than eight months away, Plaintiffs may not have completely finalized their witness list. However, the Court has no doubt that Plaintiffs can significantly narrow the field. Therefore, Plaintiffs shall file a supplemental witness list that names only the municipal liability witnesses that Plaintiffs "will call", as well as those "may call" witnesses whom Plaintiffs are seriously considering actually having testify at trial.

Denver also asks the Court to order Plaintiffs to pay the cost of any deposition taken during this reopened discovery phase. (ECF No. 85 at 10.) Given the Court's ruling that the Third Supplemental Disclosure was not untimely and the balance of the Rule 37(c) factors with respect to the Fifth Supplemental Disclosure, the Court finds that this sanction is not warranted. No cost-shifting shall apply to the reopened discovery period.

---

[2] The Court's representation that there are forty-six witnesses listed as may call for purposes of municipal liability is based on Denver's Exhibit B to the Motion. (ECF No. 95-1.) To the extent this list is inaccurate, Plaintiffs may remedy that in their supplemental filing.

## III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Denver's Motion Pursuant to Federal Rule of Civil Procedure 37(c)(1) is DENIED to the extent it seek to exclude witnesses but GRANTED to the extent it seeks to reopen discovery and require Plaintiffs to provide a narrowed witness list;

2. Not later than May 15, 2013, Plaintiffs shall file an amended witness list which meets the standards set forth above;

3. Discovery is reopened from May 16, 2013 until July 31, 2013 for the sole purpose of permitting Denver to conduct whatever discovery it deems necessary into the witnesses disclosed in Plaintiffs' Third and Fifth Supplemental Disclosures; and

4. Each party shall bear her or its own costs associated with this reopened discovery period and the filing of the instant Motion.

Dated this 23rd day of April, 2013.

BY THE COURT:

William J. Martinez
United States District Judge